# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JANET KAGARICE,** | § | |
| Plaintiff, | § | |
| | § | **CASE NO. 4:17CV509** |
| V. | § | **Judge Mazzant/Judge Johnson** |
| | § | |
| **NEAL J. SMATRESK and JAMES SCOTT,** | § | |
| Defendants. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 25, 2018, the report of the Magistrate Judge (the "Report") was entered containing proposed findings of fact and recommendations (*see* Dkt. #43) that Defendants Neal J. Smatresk and James Scott's Second Amended Motion to Dismiss (the "Motion to Dismiss") (Dkt. #30) be **DENIED**.

On June 29, 2018, Defendants filed a Response and Objections to the Report (*see* Dkt. #45); Plaintiff filed a response to Defendants' objections (*see* Dkt. #46). The Court has made a *de novo* review of the objections and supplemental information and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Defendants chiefly object to the Magistrate Judge's finding that Plaintiff has sufficiently pled a disability under the Americans with Disabilities Act ("ADA") to survive the Motion to Dismiss. *See* Dkt. 45 at 2-5. In support of this objection, Defendants offer case law from courts within the Fifth Circuit and the Texas Supreme Court that discusses whether an alleged condition

constitutes a disability under the ADA. *See id.* As an initial matter, the Court notes that each case cited by Defendants includes analysis regarding a motion for summary judgment or an appeal of a trial verdict. *See Wilson v. Capitol Transp. Corp.*, 234 F.3d 29 (5th Cir. 2000) (ruling on motion for summary judgment); *Trautman v. Time Warner Cable Texas, LLC*, No. A-16-CV-1049-LY, 2017 WL 5985573 (W.D. Tex. Dec. 1, 2017) (same); *Adetimehin v. Healix Infusion Therapy, Inc.*, No. 4:14-CV-334, 2015 WL 1537280 (S.D. Tex. Apr. 6, 2015) (same); *Stewart v. City of Houston*, No. H-07-4021, 2009 WL 2849728 (S.D. Tex. Sept. 3, 2009) (same); *City of Houston v. Proler*, 437 S.W.3d 529 (Tex. 2014) (ruling on appeal of trial verdict). Accordingly, the Court does not find the proffered case law persuasive at this stage of the litigation. Moreover, the federal regulations discussing the "major life activity" aspect of "disability" under the ADA provide that "the term 'major' shall not be interpreted strictly to create a demanding standard for disability." 29 C.F.R. § 1630.2(i)(2). The Court, therefore, finds no error the in the Magistrate Judge's conclusion that, at this stage in the litigation, Plaintiff has pled sufficient facts to support her claim of disability under the ADA. Accordingly, Defendants' objection is overruled.

Defendants additionally object that Plaintiff should not be allowed to replead her injunctive relief claim. *See* Dkt. 45 at 5-6. Because the Court has overruled Defendants' chief objection, this objection lacks merit and is also overruled.

Based on the foregoing, the Court finds that Defendants' Second Amended Motion to Dismiss (Dkt. #30) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 13th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE